**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 06-cv-00088-REB-BNB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

STANSBURY HOLDINGS CORPORATION,
ALDINE J. COFFMAN, JR.,
DENNIS R. STAAL, CPA,
RICHARD E. SELLERS, CPA, and,
SELLERS & ASSOCIATES P.C.,

    Defendant.

## ORDER DENYING COFFMAN'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on **Defendant Aldine J. Coffman, Jr.'s Motion for Summary Judgment** [#65], filed January 16, 2007. The plaintiff filed a response [#69], the defendant filed a reply [#71], and the defendant also has filed a notice of supplemental authority [#87]. I deny the motion.[1]

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

### I. JURISDICTION

I have subject matter jurisdiction under the Securities Act, **15 U.S.C. §§ 77t** and **77v(a)**, under the Securities Exchange Act, **15 U.S.C. § 78u(e)** and **78aa**, and under **28 U.S.C. § 1333** (federal question).

### II. STANDARD OF REVIEW & ANALYSIS

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. *Farthing v. City of Shawnee, Kan*. 39 F.3d 1131, 1134 (10th Cir. 1994). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Id.* at 1135 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 248).

I carefully have reviewed the parties' briefs related to Coffman's motion for summary judgment. In many respects, the issues raised by Coffman in his motion for summary judgment mirror the issues addressed on my **Order Denying Defendant's Motion to Dismiss** [#72], filed February 20, 2007. I find that there are a variety of contested issues of material fact relating to the plaintiff's claims against Coffman. Assuming *arguendo* that Coffman may be entitled to judgment on some of the claims or a portion of a claim asserted by the plaintiff, it is not mandatory that I grant partial summary judgment on all such claims. *See Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir.), **cert. denied**, 423 U.S. 873 (1975) (even when there are no material disputed

issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment).  The plaintiff's claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law.  The piecemeal resolution of the issues raised by the parties will not simplify significantly or extenuate the evidence at trial.

### III.  ORDER

**THEREFORE, IT IS ORDERED** that **Defendant Aldine J. Coffman, Jr.'s Motion for Summary Judgment** [#65], filed January 16, 2007, is **DENIED**.

Dated June 29, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**