**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 06-cv-00088-REB-BNB

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

STANSBURY HOLDINGS CORPORATION,
ALDINE J. COFFMAN, JR.,
DENNIS R. STAAL, CPA,
RICHARD E. SELLERS, CPA, and,
SELLERS & ASSOCIATES P.C.,

      Defendant.

---

**ORDER CONCERNING DEFENDANT COFFMAN'S MOTION TO
EXCLUDE OPINION TESTIMONY OF RICHARD P. GRAFF**

---

**Blackburn, J.**

This matter is before me on the **Motion in Limine of Defendant Coffman To

Exclude Testimony by the Plaintiff's Designated Accounting Expert** [#60], filed

November 16, 2006.  The plaintiff filed a response [#61], and Coffman filed a reply

[#62].  I deny the motion.

**A.  BACKGROUND**

This case is an enforcement action brought by the Securities and Exchange

Commission (SEC).  The SEC alleges that defendant, Aldine Coffman, violated various

provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934, as

well as related SEC rules.  These violations occurred allegedly while Coffman was

President, Chief Executive Officer, and Chairman of the Board of Stansbury Holdings

Corporation.  The essence of the alleged violations is that Stansbury reported inflated

values for its two primary assets, two mining properties, from mid-1999 through early

2002.

The SEC has endorsed an accountant, Richard P. Graff, to testify that the asset

values reported by Coffman were not calculated in compliance with Generally Accepted

Accounting Principles (GAAP).  GAAP provides relevant and important guidance when

evaluating accounting issues, but generally GAAP is not the ultimate standard for

determining whether or not securities laws have been violated.   Coffman argues that

Graff's opinion testimony is not admissible under Fed. R. Evid. 702.

### B. FED. R. EVID. 702

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The standards outlined in Rule 702 implicate, of course, the standards for admission of

opinion testimony stated in the so-called *Daubert* trilogy.  *Daubert v. Merrell Dow

Pharm.*, 509 U.S. 579 (1993); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *Kumho

Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).  The court's application of the

standards of Rule 702 and the related cases is "a flexible and commonsense

undertaking in which the trial judge is granted broad latitude in deciding both how to

determine reliability as well as in the ultimate decision of whether the testimony is

reliable." ***Smith v. Ingersoll-Rand Co.***, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted).

Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case.  A reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. ***Heller v. Shaw Indus.***, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. ***See, e.g., Kumho Tire***, 526 U.S. at 149-52; ***Heller***, 167 F.3d at 155.  Generally, four factors are considered relevant in determining whether a proffer of expert testimony is reasonably reliable.  The court must determine whether the expert testimony 1) can be and has been tested; 2) has been subject to peer review and publication; 3) has a known or potential rate for error; and 4) has attained general acceptance in the relevant scientific community.

## C.  ANALYSIS

Graff's opinion testimony concerns the valuation of Stansbury's two major assets, both mining properties, on Stansbury's books and records during the relevant time periods.  The two properties are referred to as the Hamilton property and the Dillon property.  These valuations were reported also in certain Stansbury SEC filings, which are at issue in this case.  In sum, Graff opines that Coffman did not comply with Generally Accepted Accounting Principles (GAAP) when he failed to write down the valuation of the two properties as reflected in Stansbury's books after Coffman became

3

aware of events which, according to Graff, had a substantial and negative effect on the value of the properties.

For many of Graff's stated opinions, Coffman argues that Graff did not apply the relevant principles and methods reliably to the relevant facts.  For example, Coffman argues that Graff's failure to specify what Graff believes was the proper valuation of the Hamilton and Dillon properties at the relevant times indicates that Graff did not apply the relevant GAAP principles to the relevant facts.  Coffman argues also that Graff failed to consider all relevant facts and data when developing his opinion that a proper assessment of estimated future cash flows from the mining properties required a devaluation of the properties.  Coffman further contends that Graff's opinions will not be helpful to the trier of fact because Graff fails to specify the degree to which Coffman over-valued the Hamilton and Dillon properties, as compared to a proper valuation under GAAP.  I have reviewed carefully Graff's report and the arguments of Coffman and the SEC concerning the admissibility of Graff's opinion testimony under Rule 702. I conclude that the opinions expressed by Graff in his report are admissible under Rule 702.

### 1.  Sufficient Facts & Data

Graff's report indicates that he reviewed and considered facts and data that provide a sufficient factual basis for his opinions under rule 702.  To the extent Graff failed to consider other relevant information, or might have been able to obtain more complete information, those facts go to the weight to be ascribed to his opinions, and not to their admissibility.  Coffman's criticisms of Graff's information do not indicate that Graff had so little factual information that he could not form a reasonably reliable

opinion.  Under these circumstances, vigorous cross examination and presentation of

contrary evidence are the appropriate means for challenging the factual bases of

Graff's opinions.

## 2.  Reliable Principles and Methods Applied Reliably

Coffman criticizes Graff's application of the relevant principles and methods,

primarily on the basis that Graff does not propose particular figures that Graff contends

would be the correct valuation of the Hamilton and Dillon properties under the relevant

circumstances.  Further, Graff does not propose alternative figures for future cash flow

estimates, when such figures are relevant.  Graff does opine about errors committed by

Coffman and others in their application of GAAP when they made these valuations in

Stansbury's books and in SEC filings.

I conclude that Coffman's criticisms of Graff's application of the relevant

principles and methods do not undermine the reliability of Graff's opinions to the

degree that those opinions are not admissible under rule 702.  Graff opines that

Coffman's analysis was incorrect under GAAP, and he specifies particular GAAP

principles and particular reasons for his opinions on such issues.  There is no

indication that Graff did not apply the relevant principles and methods in reaching his

conclusions.  To the extent Graff may have been able to pursue his analysis further, but

did not, vigorous cross examination and presentation of contrary evidence are the

appropriate means for challenging the principles and methods used by Graff.

I note also that Coffman challenges Graff's opinion about the materiality of

inflated valuations of the Hamilton and Dillon properties.  Graff's discussion of

materiality is made in relation to GAAP and Generally Accepted Auditing Standards

(GAAS).  Graff's statements on this issue are made in the context of defendant Richard

Seller's alleged actions, and not Coffman's alleged actions.  Further, to the extent this

opinion may prove relevant to Coffman, I conclude that Graff has outlined the general

principles he says are relevant to his materiality analysis, and the facts concerning

Stansbury that he considered in his analysis.  To the extent his analysis could be more

detailed, or could be carried further, those issues are, again, ripe for cross examination

and presentation of contrary evidence.  However, any such flaws are not so glaring that

Graff's opinion is not admissible under rule 702.  To the extent Graff's materiality

analysis under GAAP and GAAS does not mirror a materiality analysis under the

securities laws, those differences are ripe also for cross examination and presentation

of contrary evidence and argument.

### D.  CONCLUSION & ORDER

I conclude that Graff's opinion evidence is admissible under Fed. R. Evid. 702,

and that any flaws in Graff's factual basis or in his reliable application of the relevant

principles and methods do not render his opinions inadmissible.  I conclude further that

Graff's opinion testimony will be helpful to the trier of fact in this case.

**THEREFORE IT IS ORDERED** that the **Motion in Limine of Defendant**

**Coffman To Exclude Testmiony by the Plaintiff's Designated Accounting Expert**

[#60], filed November 16, 2006, is **DENIED**.

Dated June 29, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

6