IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No. 06-cv-00088-REB-BNB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ALDINE J. COFFMAN, JR.,
RICHARD E. SELLERS, CPA, and,
SELLERS & ASSOCIATES P.C.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR AWARD OF FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**Blackburn, J.**

This matter is before me on the following motions: 1) **Application of Defendant Aldine J. Coffman, Jr. for Attorneys' fees, Other Fees, and Expenses Under the Equal Access to Justice Act [28 U.S.C. § 2412(d)]** [#118], filed November 21, 2007; 2) **Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#119], filed November 21, 2007; 3) **Supplemental Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#120], filed December 10, 2007; and 4) **Second Supplemental Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#122], filed December 14, 2007.  The motions are fully briefed.  With a few minor exceptions, I grant the motions.

## I. STANDARD OF REVIEW

Defendants Aldine J. Coffman, Jr., Richard E. Sellers, CPA, and, Sellers & Associates, P.C. seek an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"). I will refer to defendants Richard E. Sellers, CPA and Sellers & Associates, P.C. collectively as "Sellers." The EAJA provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the government's position. *Id*., at 565; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), *cert. denied*, 516 U.S. 806 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 487 U.S. at 565, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," *id*. at 566 n.2. For this reason, a finding that the government's position was not supported by substantial evidence does not necessarily lead to a finding that the government's position was not substantially justified. **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

In this case, there is no dispute that Coffman and Sellers are the prevailing parties. After trial to the court, all of the SEC's claims against Coffman and Sellers were dismissed. In order to be eligible for an award of fees and costs under the EAJA, a party who is an individual must show that his net worth did not exceed two million dollars at the time the action was filed. 28 U.S.C. § 2412(d)(2)(B). The owner of an unincorporated business, any partnership, or a corporation must show that the net worth of the business entity did not exceed seven millions dollars at the time the action was filed. *Id*. Coffman and Sellers have demonstrated that they are eligible for an award of fees and costs under the EAJA, based on their net worth at the time the litigation was initiated.

When it has been established that the parties seeking an award under the EAJA are eligible, prevailing parties, then the burden shifts to the United States to prove that its position in the litigation was "substantially justified." **Gilbert**, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. **Pierce**, 487 U.S. at 562; **Stephenson v. Shalala**, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." **Commissioner, Immigration and Naturalization Service v. Jean**, 496 U.S. 154, 162 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

## II. ANALYSIS

### A. Substantial Justification

The SEC argues that even though it was not successful at trial, its position in this litigation was substantially justified. The SEC brought nine claims against the

3

defendants. Coffman was the only defendant who was the subject of claims one through seven. Both Coffman and Sellers were the subjects of claim eight, and Sellers the subject of claim nine. All of the claims alleged violations of the securities laws related to the defendants' work with a company known as Stansbury Holdings Corporation. The SEC's claims were founded primarily on the allegation that Stansbury had overstated materially the values of its two primary assets, properties known as the Hamilton and Dillon properties.

After a three day trial to court, I issued my Findings of Fact, Conclusions of Law, and Orders [#117], filed August 21, 2007 (Findings of Fact). As discussed and enumerated in my Findings of Fact, Conclusions of Law, and Orders, claims one, two, three, eight, and nine required proof of a material misrepresentation or a materially misleading omission made by one or both of the defendants. I concluded that the SEC did not present any evidence demonstrating the magnitude of the financial misrepresentations allegedly made by the defendants. *Findings of Fact*, pp. 22 - 25. "When, as here, there is no evidence demonstrating the magnitude of an alleged financial misrepresentation, I cannot conclude that a material misrepresentation was made." *Id.*, p. 24. In short, I concluded that the SEC did not offer any evidence in support of an essential element of claims enumerated as claims one, two, three, eight, and nine in my Findings of Fact.

Addressing the claims enumerated in my Findings of Fact as claims four, five, six, and seven, I concluded also that the SEC had not presented any evidence to support a key element of these claims. As detailed in my Findings of Fact, I concluded that the SEC had not presented any evidence that the defendants had failed to follow a proper cash flow analysis under Financial Accounting Standard 121. *Findings of Fact*,

4

pp. 27 - 30. Absent such proof, claims four, five, six, and seven were not viable claims. Absent such proof, these claims were not arguable, close, debatable; rather, they were dead on arrival.

The SEC argues that its position was substantially justified, even though the SEC did not prevail at trial. The SEC argues that its position must be seen as at least arguable because its case survived both a motion to dismiss and a motion for summary judgment filed by Coffman. Again, a position may be substantially justified even though that position is not, in the end, successful. In this case, I concluded that the SEC did not present at trial any colorable evidence in support of certain crucial aspects of its claims. As outlined in my Findings of Fact, as to some essential elements the SEC's evidence was not even thin but arguable. Rather, as to some essential elements, the SEC's evidentiary presentation was so thin that their case was not arguable. I conclude that the SEC's case against Coffman and Sellers did not have a reasonable basis in law or in fact because the SEC did not present at trial any significant evidence in support of certain essential elements of its claims.

## B. Amount of Attorney Fees

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A). The defendants rely on both the specialized skill of their lawyers and the on the cost of living factor to justify an award of attorney fees at rates of up to 350 dollars per hour. The SEC argues that the hourly rates proposed by the defendants have not been justified by the defendants. The SEC does not challenge the reasonableness of the number of hours billed by the

5

defendants' attorneys or other factors that are relevant to a determination of a reasonable attorney fee.

I conclude that higher fees at the rates proposed by the defendants are justified in this case. Most important, the pool of attorneys in the Denver area who are qualified to conduct a defense of an SEC enforcement action, including trial, is relatively small. There is little, if any, dispute about the defendants' contention that their lawyers possess specialized qualifications in the areas of securities law and accounting. Coffman and Seller's attorneys posses the distinctive knowledge and specialized skill that were necessary to conduct an effective defense in this case. In other words, these attorneys were qualified for this case in a specialized sense. Such specialized qualifications are a key consideration in awarding fees in excess 125 dollar per hour limitation in the statute. **Pierce v. Underwood**, 487 U.S. 552, 572 (1988). The affidavit of Jeffrey J. Scott, attached to Seller's motion, establishes that attorneys with these specialized skills are available in the Denver area at hourly rates ranging from 250 to 400 dollars an hour. *Seller's application for fees* [#119], filed November 21, 2007, Exhibit C. Such hourly fees are well within the range of reason for such specialized lawyers in the Denver area.

The 125 dollars per hour standard expressed in 28 U.S.C. § 2412(d)(1)(D)(2)(A) was added to the statute in 1996. The affidavit of Seller's counsel, Thomas Birge, establishes that the Consumer Price Index increased by almost 34 percent between 1996 and the conclusion of this case. This cost of living factor also provides substantial justification for the payment of attorney fees in excess of 125 dollars per hour in this case.

Considering the distinctive knowledge and specialized skill of Coffman and

Seller's attorneys, and the increase in the cost of living since the 125 dollar threshold was added to § 2412, I conclude that the hourly rates for attorney fees proposed by the defendants are justified.

## C. Costs

The SEC argues that the defendants are not entitled to recover costs enumerated in 28 U.S.C. § 1920. As the SEC notes, the EAJA allows for the recovery of costs "(e)xcept as otherwise provided by statute . . . ." 28 U.S.C. § 2412(a)(1). As the SEC notes, 15 U.S.C. § 78aa prohibits an award of costs, read as costs allowable under § 1920, against the SEC. On this basis, the SEC argues that Coffman is not entitled to an award of the copying costs he claims, in the amount of 1,212.29 dollars, and Sellers is not entitled to the copying costs he claims, in the amount of 1,375 dollars. The defendants do not dispute this contention, and I agree that these costs may not be awarded to Coffman and Sellers. I note also that docket fees are included in the costs enumerated in § 1920. Under § 78aa these costs also may not be awarded against the SEC.

## III. CONCLUSION

Considering the entire record in this case, I conclude that the SEC has not demonstrated that its position in this case was substantially justified. I conclude that attorney fees in excess of the 125 dollar hourly rate specified in 28 U.S.C. § 2412(d)(1)(D)(2)(A) are justified in this case, and that the hourly rates proposed by the defendants' attorneys are reasonable. However, for the reasons argued by the SEC, I conclude that Coffman and Sellers are not entitled to an award of costs for copying. Otherwise, the defendants' motions for an award of attorney fees, other fees, and expenses under 28 U.S.C. § 2412(d) are granted.

Based on Coffman's submissions, I conclude that Coffman is entitled to an award of fees and other expenses for the following items: a) attorney, clerk, and paralegal fees - 156,562.72 dollars; b) computer assisted research - 4,062.44 dollars; c) long distance calls - 61.94 dollars; d) facsimiles - 29.00 dollars; e) deposition transcripts - 2,554.20 dollars. These items result in a total award to Coffman of 163,270.30 dollars.

Based on Seller's submissions, I conclude that Sellers is entitled to an award of fees and other expenses for the following items: a) attorney and paralegal fees - 89,216.00 dollars; b) computer assisted research - 84.97 dollars; c) travel - 3,687.74 dollars; d) non-testifying consultant (accounting) - 9,308.75 dollars; e) attorney fee affiant - 1,750.00 dollars; f) postage - 21.45 dollars; g) courier - 77.84 dollars; h) Federal Express - 17.54 dollars. These items result in a total award to Sellers of 104,164.29 dollars.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application of Defendant Aldine J. Coffman, Jr. for Attorneys' fees, Other Fees, and Expenses Under the Equal Access to Justice Act [28 U.S.C. § 2412(d)]** [#118], filed November 21, 2007, is **GRANTED** on the terms stated in this order;

2. That the **Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#119], filed November 21, 2007, is **GRANTED** on the terms stated in this order;

3. That the **Supplemental Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#120], filed December 10, 2007, is **GRANTED** on the terms stated in this order;

4. That the **Second Supplemental Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#122], filed December 14, 2007, is **GRANTED** on the terms stated in this order;

5. That under 28 U.S.C. § 2412(d)(1)(A), defendant Aldine J. Coffman, Jr. is **AWARDED** fees and other expenses in the amount of 163,270.30 dollars;

6. That under 28 U.S.C. § 2412(d)(1)(A), defendants Richard E. Sellers, CPA and Sellers & Associates, P.C., are **AWARDED** fees and other expenses in the amount of 104,164.29 dollars;

7. That the **Application of Defendant Aldine J. Coffman, Jr. for Attorneys' fees, Other Fees, and Expenses Under the Equal Access to Justice Act [28 U.S.C. § 2412(d)]** [#118], filed November 21, 2007, is **DENIED** to the extent Coffman seeks an award of fees and other expenses not awarded specifically in this order;

8. That the **Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#119], filed November 21, 2007, the **Supplemental Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#120], filed December 10, 2007, and the **Second Supplemental Application for Fees and Other Expenses of Defendants Richard E. Sellers, CPA and Sellers & Associates, P.C.** [#122], filed December 14, 2007, are **DENIED** to the extent Sellers seeks an award of fees and other expenses not awarded specifically in this order.

Dated September 30, 2008, at Denver, Colorado.

          **BY THE COURT:**

          s/ Robert E. Blackburn
          **Robert E. Blackburn**
          **United States District Judge**